**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **United States of America,** ) | **CASE NO. 4:12 CR 25** |
| ) | |
| **Plaintiff-Respondent,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| Vs. ) | |
| ) | |
| **Jason A. Kirksey,** ) | **Memorandum of Opinion and Order** |
| ) | |
| **Defendant-Petitioner.** ) | |

This matter is before the Court upon petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 35). For the reasons that follow, the motion is DENIED.

On January 11, 2012, a grand jury indicted petitioner on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841. On June 7, 2012, petitioner pled guilty to both counts of the indictment. At the sentencing hearing, the Court set petitioner's base offense level at 20 pursuant to 20 U.S.S.G. § 2K2.1(a)(4)(A) because he had a prior felony conviction for drug trafficking. (R. 23, Sealed PSR, at 70). The Court did not find that petitioner was an Armed Career Criminal subject to a mandatory minimum sentence. Petitioner was

sentenced to 76 months on each count of the Indictment to run concurrently. Petitioner appealed, and the Sixth Circuit dismissed the appeal for want of prosecution on October 1, 2012. The current motion is petitioner's first motion to vacate his sentence under 28 U.S.C.§ 2255.

According to petitioner, the basis for his motion is that he "receive[d] a letter saying my name was on the list for the *Johnson* case that a violent felony enhance [*sic*] my offense level being sentence [*sic*] under the U.S.S.G. § 2K2.1." (Pet.'s Mot. at 121). In *Johnson v. United States*, __ U.S. __ 135 S. Ct. 2551 (2015), the Supreme Court considered the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(2)(B) ("the ACCA"). The ACCA imposes a heightened mandatory minimum sentence for a person who possesses a firearm after three or more convictions for a "serious drug offense" or a "violent felony." The residual clause of the ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year ... that ... otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* In *Johnson,* the Court held this provision void for vagueness.

This Court recently determined in *Carson v. United States*, 5:15 CV 2224, 5:11 CR 145 (May 6, 2016), that the rule announced in *Johnson* is a non-watershed procedural rule as applied to the residual clause of the Guidelines and therefore does not apply retroactively to cases on collateral review. Thus, *Johnson* would afford petitioner no relief.

Nevertheless, *Johnson* does not apply to petitioner's case because the Court did not rely on any predicate felony crimes of violence to enhance his sentence. The Court applied U.S.S.G. § 2K2.1(a)(4) in setting petitioner's base offense level. This provision states that a defendant's base offense level is 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense."

For purposes of determining qualifying predicate offenses, a court may only consider those felony convictions that receive criminal history points. U.S.S.G. § 2K2.1, n. 10. Here, the qualifying predicate offense that the Court relied on was petitioner's prior conviction for Trafficking in Cocaine. (R. 23, Sealed PSR, at 70, 75).[1] *Johnson* would therefore not affect how petitioner's sentence was calculated.

For these reasons, petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 35) is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/23/16

---

[1] Petitioner had numerous prior felony convictions, but they did not receive criminal history points.